| | |
|---|---|
| STATE OF MAINE<br>YORK, SS. | SUPERIOR COURT<br>CIVIL ACTION<br>**DOCKET NO.** |

**SWANO BERRA,**
    Plaintiff

Vs.                                                                 **COMPLAINT**

**ARUNDEL MARINE SERVICE, INC.**
**D/B/A ARUNDEL WHARF**
**RESTAURANT, (THE PROPRIETORS)**
    Defendant

NOW COMES Plaintiff Swano Berra, through undersigned counsel, and for her complaint against the Defendant, states as follows:

## PARTIES

1.  At all times relevant to the facts in this Complaint, Plaintiff Swano Berra ("Mrs. Berra") was a resident of High Ridge, Missouri.

2.  At all times relevant to the facts in this Complaint, Defendant, ARUNDEL MARINE SERVICE, INC. D/B/A ARUNDEL WHARF RESTAURANT, (The Proprietors") is a Maine business corporation that owned the property located at 43 Ocean Avenue, Kennebunkport, Maine, known as Arundel Wharf Restaurant, identified on the City of Kennebunkport map as 43 Ocean Avenue, Kennebunkport, Maine ("The Wharf").

## JURISDICTION & VENUE

3.  Mrs. Berra's injuries occurred in 2024 in the city of Kennebunkport, County of York and State of Maine.

4.  The State of Maine has proper jurisdiction over this action pursuant to 4 M.R.S. §105.

5.  Venue is proper in the Superior Court for the State of Maine in York County.

## FACTS

6.  At all times relevant to the facts in this Complaint, The Proprietors maintained exclusive control of the Wharf's common areas.

7. The premises of the Wharf includes a section of floor space located between the inside restaurant and the connecting space to another dining area.

8. This section of the Wharf exhibits variations in elevation and decking that produces an illusionary space across the walkway.

9. Mrs. Berra and her husband were vacationing in Maine with multiple planned events.

10. On October 10, 2024, Mrs. Berra and her husband were eating in the restaurant. Mrs. Berra went to use the ladies room. Upon her return from the restroom she did not notice a step and fell, first landing onto her knees and then face-forward landing directly on her right eye causing serious bodily injury to herself.

11. As a result of the fall, Mrs. Berra sustained injuries to her right eye and spent the remainder of her Maine vacation at the Emergency Room at MaineHealth in Biddeford. She was then transported by ambulance to Massachusetts Eye and Ear in Boston where she underwent emergency surgery to reconstruct her right eyeball.

12. Upon her return to her home state of Missouri, Ms. Berra continued to suffer from her injury and incur costs for medical treatment.

13. The Proprietors had actual or constructive knowledge that the above-mentioned section of the Arundel Wharf Restaurant was an unreasonably dangerous condition on the premises.

14. It was reasonably foreseeable that such a condition on the premises could result in injury to patrons.

15. On October 10, 2024, the above-mentioned section of the Wharf was not brightly colored or adequately marked to warn pedestrians of the step down and lacked adequate handrails for patrons.

16. On October 10, 2024, there were no proper signs or postings on or around the above-mentioned section of the Wharf, to adequately warn pedestrians of uneven decking or a change in elevation between the two areas.

17. The Proprietors owed a positive duty to exercise reasonable care in providing reasonably safe premises for patrons.

18. The Proprietors owed a positive duty to provide adequate warning to patrons when it knew or should have known of a risk on its premises.

19. The Proprietors breached its duties by failing to exercise reasonable care in providing reasonably safe premises and by failing to properly warn pedestrians of the dangerous condition that it knew or should have known existed on the premises.

20. As a direct and proximate result of the Proprietor's breach of its duties, Mrs. Berra sustained the aforesaid injury and the related serious adverse financial consequences.

21. Mrs. Berra's injuries have caused great pain and suffering and mental anguish, requiring medical treatment and has caused her loss of enjoyment of life and permanent impairment to her eyesight.

WHEREFORE, Plaintiff demands judgment against the Proprietors in an amount sufficient to compensate her for all injuries and damages which she has sustained, along with an award of costs, and such other and further relief as this Court shall deem just and equitable.

Dated: 7/31/2025

Paul R. Dumas, Jr., Esq., (Bar No. 1481)
Attorney for Plaintiff, Swano Berra
P.O. Box 155
Turner, ME 04282
(207)369-0101
paul@bettahcallpaul.com